## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------)
HAMILTON INTERNATIONAL LTD.                )
                                           )        Civil Action No. 17-cv-5575
                            Plaintiff,     )        JUDGE(S):
             v.                            )
                                           )
VORTIC LLC d/b/a Vortic Watch Co.          )
VORTIC TECHNOLOGY LLC                      )
and                                        )
ROBERT THOMAS CUSTER                       )
                                           )
                            Defendants.    )
------------------------------------------------------------)
```

## COMPLAINT

The Plaintiff, Hamilton International Ltd. ("Plaintiff") by and for its complaint against

Defendants, Vortic LLC, d/b/a Vortic Watch Co., Vortic Technology LLC and Robert Thomas

Custer ("Defendants") hereby alleges and states:

## INTRODUCTION

1.      This is an action for Trademark Counterfeiting and Infringement pursuant to the

Lanham Act §32(1), 15 U.S.C. §1114(1)(a), and the Common Law of the State of New York,

and for False Designation of Origin and Unfair Competition arising under the Lanham Act

§43(a), 15 U.S.C. §1125.

## PARTIES

2.      Plaintiff, Hamilton International Ltd. is a Swiss corporation located at

Mattenstrasse 149, 2503 Biel/Bienne, Switzerland.

3.      Upon information and belief, Defendant, Vortic LLC d/b/a Vortic Watch Co. is a Colorado limited liability company located at 517 North Link Lane, Unit A, Fort Collins, Colorado 80524, and operating a website at www.vorticwatches.com.

4.      Upon information and belief, Defendant, Vortic Technology LLC is a Colorado limited liability company located at 517 North Link Lane, Unit A, Fort Collins, CO 80524, and operating a website at www.vorticwatches.com.

5.      Upon information and belief, Defendant Robert Thomas Custer is an individual residing at 3025 Regatta Lane, Unit 2, Fort Collins, Colorado 80525.

<strong><u>JURISDICTION AND VENUE</u></strong>

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts), and 15 U.S.C. §§1114 and 1125.  This Court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, and Unfair Competition, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

7.      Venue and jurisdiction are proper in this District pursuant to 28 USC §1391(b) because Defendants conduct business in this District and because a substantial part of the events giving rise to the claims in this action occurred in this District, including the Defendants have sold the accused watches in this District, and the Defendants operate an interactive website where consumers from this District may view and purchase the accused watches.

## FACTUAL BACKGROUND

8.      Plaintiff is the owner of all right, title, and goodwill associated with the trademark HAMILTON in connection with watches and parts and accessories for watches.

9.      Plaintiff's HAMILTON trademark was first used in the United States at least as early as 1909, and has been continuously used since that time in connection with watches.

10.     Plaintiff is the owner of incontestable US Registration Nos. 0741279 and 2181720 for the mark HAMILTON.  Plaintiff's Registration Certificates are attached as Exhibit A.

11.     Since long prior to the acts of Defendants complained of herein, Plaintiff has been engaged in the business of offering and providing watches and related goods under the HAMILTON mark.

12.     Defendants have adopted and are using the identical HAMILTON mark on watches that they build and sell.

13.     Upon information and belief, Defendants purchased from eBay and/or other third party seller sites, pocket watches that Defendants claim are genuine HAMILTON pocket watches which Defendants claim were manufactured by Plaintiff or Plaintiff's predecessor.

14.     Defendants manufacture their own watches by disassembling the purportedly genuine HAMILTON pocket watches and then constructing new wristwatches which use selected components from the HAMILTON pocket watches, and then which also have substantial modifications to the original HAMILTON pocket watches including added components and parts that Defendants create which are not manufactured, controlled or authorized by Plaintiff.

15.     For example, the watches sold by Defendants under the HAMILTON mark include a watch case, watch backing, crown, crystal, strap, buckle, band bar and hardware, none of which are manufactured or approved by Plaintiff.

16.     Defendants' watches display the HAMILTON mark on the face of the watch, as depicted below:



17.     Further, Defendants' website, located at www.vorticwatches.com, improperly suggests affiliation with Plaintiff by prominently advertising the unauthorized HAMILTON watches, including on their homepage, as depicted below:



18.     Defendants were aware that their acts were infringing Plaintiff's rights, but Defendants refused to agree that they will not sell their materially altered HAMILTON watches in the future.

19.     Upon information and belief, Defendant Robert Thomas Custer directly participated in the Defendants' decision to sell watches under the HAMILTON mark and in the constructing of the HAMILTON watches and the marketing and promoting of the HAMILTON watches, including on the vorticwatches.com website.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
## 15 U.S.C. §§ 1114 and 1116

20.     Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, of this Complaint and the acts of Defendants asserted therein as if fully recited in this paragraph.

21.     Without the consent or authorization of Plaintiff, Defendants have adopted and used the HAMILTON mark which is identical and confusingly similar to Plaintiff's HAMILTON mark in connection with the sale of watches.

22.     Defendants are using the HAMILTON mark without the Plaintiff's consent or authorization, in a way which damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the watches offered by Defendants, giving the impression that the watches offered by Defendants are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

23.     On information and belief, the Defendants' HAMILTON watches are offered through the same or related trade channels as the Plaintiff's HAMILTON watches.

24.     Plaintiff's and Defendants' HAMILTON watches are both marketed, promoted and sold on the Internet.

25.     Defendants' HAMILTON watches are advertised and promoted through identical or highly related channels to those employed by the Plaintiff, including through online advertising and social media websites.

26.     Defendants have refused to agree not to sell unauthorized HAMILTON watches in the future, and are continually seeking to expand their business activities.

27.     Defendants' acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation or association of the Defendants' watches.

28.     Plaintiff has placed Defendants on notice of their infringement in writing and Defendants have refused to agree not to use the HAMILTON mark in the future.

29.     Defendants willfully infringed Plaintiff's HAMILTON mark.

30.     Defendants' adoption and use of the HAMILTON mark infringes Plaintiff's rights in Plaintiff's HAMILTON mark as a result of Defendants' use of the HAMILTON mark in connection with the same or confusingly similar goods to those offered by Plaintiff under its HAMILTON mark.

31.     Such use by the Defendants is likely to cause confusion, mistake or deception as to the Plaintiff's HAMILTON mark and Defendants' use.

32.     Plaintiff is damaged as a result of Defendants' activities.

33.     Defendants' activities, as aforesaid, are in violation of 15 U.S.C. §1114.

**COUNT II**
**COMMON LAW INFRINGEMENT**

34.     Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

35.     This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's HAMILTON mark, under the laws of the State of New York.

36.     For over a hundred years, the Plaintiff, and/or its predecessor-in-interest, has used and has acquired considerable goodwill and distinctiveness, with regard to its HAMILTON mark.  The mark has been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding the Defendants' adoption and use of the HAMILTON mark.

37.     Plaintiff has extensively used Plaintiff's HAMILTON mark in commerce and has acquired a considerable and valuable goodwill and wide-scale recognition for its mark.  The public has come to associate Plaintiff's HAMILTON mark with Plaintiff and Plaintiff's watches.

38.     Defendants' adoption of the identical mark contributes to the likelihood that consumers will attribute goods offered under the HAMILTON mark as emanating from the Plaintiff.

39.     Defendants' use of the identical HAMILTON mark, on related and confusingly similar goods, as alleged above, is highly damaging to the Plaintiff and its mark.

40.     Defendants' use of the mark HAMILTON in conjunction with the same goods as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the products sold and offered for sale by Defendants.

41.     Defendants have been placed on notice of the Plaintiff's HAMILTON mark, and of the damage engendered by Defendants' use of the confusingly similar HAMILTON mark.

42.     Defendants' infringement is willful.

43.     Defendants' actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's HAMILTON mark and the goodwill associated with its trademark.

## COUNT III
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

44.     Plaintiff restates and reavers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

45.     This count arises under 15 U.S.C. §1125(a).

46.     Defendants have used the HAMILTON mark in a manner which is likely to cause confusion, mistake or deception, by virtue of its prominent use thereof in connection with Defendants' watches.

47.     Defendants' use of, and/or association with, the HAMILTON mark represents a False Designation of Origin, as consumers are likely to associate Defendants' HAMILTON mark as being associated, endorsed or sponsored by Plaintiff.

48.     Consumers will believe that Defendants' watches in conjunction with the infringing HAMILTON mark are associated with, sponsored and/or endorsed by the Plaintiff, when in fact they are not.

49.     Defendants' use of the HAMILTON mark erodes the connection between Plaintiff's HAMILTON mark as being the single source for Plaintiff's goods offered under such mark.  The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendants' tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

50.     Defendants are not authorized or controlled by the Plaintiff, and Plaintiff has no control over the acts of Defendants, nor any responsibility for the acts of Defendants.

51.     Defendants' acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of Defendants' watches and will harm and damage Plaintiff.

52.     Defendants' use and/or association with Plaintiff's HAMILTON mark constitutes a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendants.

53.     Defendants' use of the HAMILTON mark falsely leads consumers to believe that Defendants' watches originate from the Plaintiff when in fact they do not.

54.     Defendants' acts under this Count are willful.


## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT

55.     Plaintiff restates and reavers each and every allegation contained in the foregoing paragraphs, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

56.     This count is for Unfair Competition in violation of 15 USC §1125(a).

57.     Defendants' use of Plaintiff's HAMILTON mark, without Plaintiff's consent is likely to cause confusion among consumers.

58.     Defendants' adoption of the HAMILTON mark unfairly capitalizes on the goodwill associated with the Plaintiff's HAMILTON mark that Plaintiff has built for over one hundred years.

59.     By adopting a mark that is identical to Plaintiff's HAMILTON mark, Defendants are unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

60.     By manufacturing, assembling or distributing goods bearing the HAMILTON mark, Defendants lead consumers to believe their watches are made by or authorized or otherwise approved by Plaintiff.

61.     Plaintiff is harmed by Defendants' activities.

62.     Defendants' acts under this Count are willful.

63.     Defendants' acts constitute unfair competition.

## COUNT V
## INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND INJURY TO BUSINESS UNDER NY GEN. BUS. LAW § 360

64.     Plaintiff restates and reavers each and every allegation contained in the foregoing paragraphs, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

65.     The acts of Defendants as described above constitute trademark infringement, dilution, unfair competition and unlawful injury to business under NY Gen. Bus. Law § 360-l.

66.     Plaintiff has been harmed by Defendants' unlawful acts under NY Gen. Bus. Law § 360.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.     THAT pursuant to 15 USC §1116 and the equity jurisdiction of this court, Defendants and their officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using the HAMILTON mark on or in connection with the importation, sale, offering for sale, distribution, exhibition, display or

advertising of its goods, and enjoined from using on its watches any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's HAMILTON mark.

2.     THAT pursuant to 15 USC §1117, Defendants be directed to pay over to Plaintiff, any and all damages which they have sustained by consequence of Defendants' statutory and Common Law Trademark Infringement and Counterfeiting, False Designation of Origin, False Advertising, and Unfair Competition as enumerated herein.

3.     THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

4.     THAT Defendants and their officers, agents, employees, or representatives, and all persons in privity with Defendants not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all:  molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, signage, containers, name plates, and any other printed or electronic matter of any nature, and any products (except genuine, unaltered HAMILTON products) in their possession bearing or using the trademark HAMILTON or any other trademark either alone or in combination with other words or symbols, or any colorable imitation of Plaintiff's HAMILTON mark, for the purposes of destruction thereof.

5.     THAT the conduct of Defendants complained of herein be declared willful and an act of counterfeiting and as a result the amount of actual damages be trebled as provided for in 15 U.S.C. §1117.

6.     THAT Plaintiff be permitted to elect at the time of trial to seek statutory damages under 15 USC §§ 1117(c) and (d).

7.     THAT pursuant to 15 U.S.C. §1117, Defendants be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

8.     THAT Defendants be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the terms of the permanent injunction.

9.     THAT the Defendants be required to account to and pay Plaintiff for all profits and expenses realized by Defendants and/or statutory damages.

10.    That any domain names and Internet usernames owned by Defendants that use the word "HAMILTON" be transferred to Plaintiff.

11.    THAT Plaintiff be granted such other and further relief as this court deems just and equitable.


                              Respectfully Submitted,


                    By:    _s/ Jeffrey A. Lindenbaum_____
                           Jeffrey A. Lindenbaum (JL-1971)
                           Jess M. Collen (JC-2875)
                           COLLEN *IP*
                           The Holyoke-Manhattan Building
                           80 South Highland Avenue
                           Ossining, New York 10562
                           Tel.  (914) 941-5668
                           Fax. (914) 941-6091
                           jlindenbaum@collenip.com
                           *Attorneys for Plaintiff*

Dated: July 21, 2017