**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAMILTON INTERNATIONAL LTD., <br><br>**Plaintiff,** <br><br>v. <br><br>VORTIC LLC d/b/a Vortic Watch Co. <br>VORTIC TECHNOLOGY LLC <br>and <br>ROBERT THOMAS CUSTER <br><br>**Defendants.** | Civil Action No. 17-cv-5575 |

**ANSWER**

Defendants, Vortic LLC, d/b/a Vortic Watch Co., Vortic Technology LLC, and Robert Thomas Custer, by and through undersigned counsel, for their Answer to the Complaint assert as follows:

**INTRODUCTION**

1. Defendants admit that Plaintiff purports to state claims for Trademark Counterfeiting and Infringement pursuant to the Lanham Act §32(1), 15. U.S.C. §1114(1)(a), the New York State Common Law, and the False Designation of Origin and Unfair Competition arising under the Lanham Act §43(a), 15. U.S.C. §1125. Defendants deny the remaining allegations in Paragraph 1, and denies the implication that it has made any unlawful use of Plaintiff's marks.

**PARTIES**

2. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 2 of the Complaint and therefore deny the allegations.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants deny any association between Vortic Technology LLC and Vortic LLC d/b/a/ Vortic Watch Co.  Defendants deny any association between Vortic Technology LLC and www.vorticwatches.com.

5. Defendants admit the allegations against Robert Thomas Custer in paragraph 5 of the Complaint.  Defendants deny any liability on behalf of Mr. Custer as all activities allegedly undertaken by him, if done, were done in furtherance of the legal business activities of the duly formed and organized limited liability company operating lawfully under C.R.S. §§7-80-101 et. seq.  Defendants also deny the residential address of Robert Thomas Custer.

## JURISDICTION AND VENUE

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except to admit that the content on the referenced website speaks for itself.

## FACTUAL BACKGROUND

8. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 8 of the complaint.

9. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 9 of the Complaint and therefore deny the allegations.

10. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 10 of the Complaint and therefore deny the allegations.

11. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 11 of the Complaint and therefore deny the allegations.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 13 of the Complaint and therefore deny the allegations.

14. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 14 of the Complaint and therefore deny the allegations.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 17 of the Complaint and therefore deny the allegations.

18. Defendants deny the allegations in paragraph 18 of the Complaint. Defendants have not infringed on Plaintiff's rights. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint regarding any refusal to agree to sell any product, and therefore deny the allegations.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

## FIRST CLAIM FOR RELIEF

20. Defendants restate and re-aver their denials to the allegations in paragraphs 1-19 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 24 of the Complaint and therefore deny the allegations.

25. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 25 of the Complaint and therefore deny the allegations.

26. Defendants deny the allegations in paragraph 26 of the Complaint, except to admit that Defendant is actively seeking to expand business activities as is their right under all applicable laws: state, federal, and international.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 28 of the Complaint and therefore deny the allegations.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

## SECOND CLAIM FOR RELIEF

34. Defendants restate and re-aver their denials to the allegations in paragraphs 1-33 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 36 of the Complaint and therefore deny the allegations.

37. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 37 of the Complaint and therefore deny the allegations.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 41 of the Complaint and therefore deny the allegations.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

### THIRD CLAIM FOR RELIEF

44. Defendants restate and re-aver their denials to the allegations in paragraphs 1-43 of the Complaint.

45. Defendants admit that Plaintiff purports to state claims under 15. U.S.C §1125(a). Defendants deny the remaining allegations in paragraph 45, and denies the implications it has made any unlawful use of plaintiff's alleged marks.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 50 of the Complaint and therefore deny the allegations.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

### FOURTH CLAIM FOR RELIEF

55. Defendants restate and re-aver their denials to the allegations in paragraphs 1-54 of the Complaint.

56. Defendants admit that Plaintiff purports to state claims under 15. U.S.C §1125(a). Defendants deny the remaining allegations in paragraph 56, and denies the implications it has made any unlawful use of plaintiff's alleged marks.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

## FIFTH CLAIM FOR RELIEF

64. Defendants restate and re-aver their denials to the allegations in paragraphs 1-63 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations not specifically admitted herein from any and all paragraphs in the Complaint and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a definitive cause of action, in whole or in part, upon which relief can be granted.

2. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

3. The Court should strike Defendant Vortic Technology LLC as an improper party to this action, as the dispute as alleged in the Complaint is solely between first Defendant Vortic LLC and Plaintiff and no other party.

4. The Court should strike Defendant Robert Thomas Custer as an improper party to this action, as the dispute as alleged in the Complaint is solely between first Defendant Vortic LLC and Plaintiff and no other party.

5. The Complaint fails to state any claim for relief under state law as Plaintiff's state law claims are preempted by Federal law.

6. The Complaint fails to state a claim for dilution under New York and Federal law because the Plaintiff's mark is not a "famous" mark.

7. By reading any of the facts underlying this dispute, Plaintiff's case is not an "exceptional case" under 15 U.S.C. §1117, and therefore attorney's fees should not be awarded.

8. Plaintiff's claims of trademark infringement fail because Defendants have not infringed any applicable trademarks under federal, state or common law.

9. Plaintiff's claims of trademark infringement are barred, in whole or in part, because there is no likelihood of confusion.

10. Plaintiffs' claims of trademark infringement fail because Defendants prominently display a trademark disclaimer in multiple locations on the aforementioned website and in all product packaging and informational materials.

11. The Court should strike Plaintiff's requests for any permanent agreements to be executed by Defendants restricting the Defendants from any aspect of Defendants business as a clear restriction of Defendants' rights.  Defendants have denied all allegations of wrongdoing.

Such an agreement would be an infringement on Defendants' right to engage in interstate commerce.

12. The Court should strike Plaintiff's requests for any payments for damages from the Defendants as Defendants have denied any and all allegations and are innocent of any wrongdoing.

13. The Court should strike Plaintiffs' requests for any delivery of any documents, materials, programs, or any other products or information from Defendants to Plaintiff as Defendants have denied any and all allegations and are innocent of any wrongdoing.

14. The Court should strike Plaintiff's requests for trial, as the matter at hand is frivolous and baseless, and can be easily resolved through arbitration.

15. Defendants reserve the right to raise additional defenses as discovery may reveal.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed, and that they recover attorney's fees and costs, and such other relief as may be deemed just and proper.

Dated:   September 11, 2017                              Respectfully submitted,

                                                  By:    /s/ Ben Natter

                                                         Ben Natter
                                                         Haug Partners LLP
                                                         745 Fifth Avenue
                                                         New York, New York 10151
                                                         (212) 588-0800
                                                         bnatter@haugpartners.com

                                                         *Attorneys for Defendants VORTIC LLC
                                                         d/b/a Vortic Watch Co., VORTIC
                                                         TECHNOLOGY LLC and ROBERT
                                                         THOMAS CUSTER*