UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

HAMILTON INTERNATIONAL LTD.,

                Plaintiff,

                -against-

VORTIC LLC d/b/a Vortic Watch Co.,
VORTIC TECHNOLOGY LLC and ROBERT
THOMAS CUSTER,

                Defendants.

------------------------------------------------------------x

17-CV-5575 (AJN) (OTW)

**OPINION AND ORDER**

**ONA T. WANG, United States Magistrate Judge**:

The Court held two settlement conferences in this trademark infringement and counterfeiting action, on June 5, 2018 and July 19, 2018. On August 22, 2018, the Court issued an Order to Show Cause why Plaintiff should not be sanctioned for failure to comply with the Court's settlement conference attendance requirements in its Orders and Individual Practices. (ECF 48). The Court held a hearing on September 13, 2018.

**I.**     **Background**

The Court assumes familiarity with the events leading up to and recited in the Order to Show Cause and will not recount them in detail here. (*See* ECF 48 at 1–3). In short, the Court allowed Mr. Haller, identified as Plaintiff's corporate representative, to be available by phone for the parties' first settlement conference. Defendants consented to this request, as they also requested that their representative, Mr. Custer, be permitted to be available by phone. On the basis of the parties' representation and agreement, the Court granted both requests; nevertheless, Mr. Custer appeared in person at the first settlement conference. Mr. Haller did

not appear at the conference, whether in person or by phone. Late in the day, the Court requested that Plaintiff's counsel reach out to Mr. Haller on an issue that arose during negotiations, and counsel advised that due to the lateness of the hour in Switzerland, Mr. Haller likely would not answer his phone. The conference adjourned shortly thereafter as the parties could make no further progress without input from Mr. Haller.

The Court held an additional telephone conference on June 11, 2018, and then scheduled a second settlement conference, and this time required Mr. Haller to attend in person. (*See* ECF 39). Notwithstanding the Court's directive and Defendants' objection, Plaintiff submitted a request that Mr. Haller—again identified by name as Plaintiff's corporate representative—be excused from attending because of the costs to be incurred for travel from Switzerland. (ECF 45). The Court denied this request. (ECF 46).

Mr. Haller did not attend the second settlement conference. Instead, with no prior notice to the Court or to Defendants, Plaintiff's counsel brought Ms. Raveloson, representing that she lived in the New York area and had the same scope of authority as Mr. Haller, pursuant to a power of attorney from Hamilton. On this representation and the fact that Mr. Custer had already incurred travel costs from Colorado to attend, the Court proceeded with the settlement conference. During the second settlement conference, the parties, with the Court's assistance, again discussed monetary and non-monetary aspects to a proposed settlement, and ultimately reached an impasse late in the day. At that time, Plaintiff's counsel disclosed that some of the proposed compromises (and, ultimately, any comprehensive settlement) would have to be approved by Plaintiff's board of directors, because such decisions were beyond Ms. Raveloson's and Mr. Haller's authority, and that there was no single person who had any broader authority.

Plaintiff had proposed no compromises from the terms that had been outlined as their position before the second settlement conference.

II.     **Analysis**

   A.     **Legal Standard**

Although not addressed by the parties, a showing of bad faith is not required to impose sanctions. *See Mahoney v. Yamaha Motor Corp. U.S.A*, 290 F.R.D. 363, 366 (E.D.N.Y. 2013) (quoting *Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, 6A Federal Practice and Procedure* § 1531 (3d ed. 2010) ("In deciding whether a sanction is merited, the court need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." (footnote omitted)). This Court's Order to Show Cause identified potential bases for sanctions under "Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, or the inherent powers of the Court." (ECF 48 at 3). An award of sanctions under 28 U.S.C. § 1927 or the Court's inherent powers requires a finding of bad faith, which the Court does not find warranted at this time on the record before it.[1] *See Mahoney*, 290 F.R.D. at 367–68.

Sanctions may be awarded under Fed. R. Civ. P. 16(f), however, without a finding of bad faith, and upon a finding that a party violated a pretrial order. *Id.* at 366–67 (citing *Wright, Miller, Kane & Marcus*, § 1531.). Pretrial orders may take the form of written or oral orders. *See Rogue Wave Software, Inc. v. BTI Sys. Inc.*, 16-CV-7772 (VM)(KNF), 2017 WL 6805329, at *8 (S.D.N.Y. Dec. 15, 2017) (citing *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 388 (2d Cir. 1981) and

---

[1] The Court held several settlement-related teleconferences in addition to the two in-person settlement conferences, none of which were recorded or memorialized; nor do counsel have contemporaneous notes from the settlement conferences.

3

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365 (2d Cir. 2003)); *Champion Intern. Corp. v. Liberty Mut. Ins. Co.*, 129 F.R.D. 63, 65–66 (S.D.N.Y. 1989).

### B.     Appearance of Hamilton's Corporate Representative

The crux of Plaintiff's response to the Order To Show Cause seems to be "no harm, no foul:" that because Ms. Raveloson and Mr. Haller had the same "authority" to settle the matter—albeit within a certain "range of settlement parameters" that has never been disclosed to the Court—they were in technical compliance with the Court's Orders and Individual Practices. (*See* Declaration of Antoine Haller in Support of Plaintiff's Memorandum in Response to August 22, 2018 Order to Show Cause (ECF 51-2) ¶¶ 13–14). In addition to its Individual Practices detailing this Court's settlement procedures, this Court maintains on its a website a separate Settlement Conference Summary form that parties are required to complete in advance of any in-person settlement conference. (Settlement Conference Summary, Ona T. Wang, U.S. Magistrate Judge, *available at* http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1511). One of the sections of the form requires the parties to identify the attorneys and the "[c]lient(s) and/or [c]lient representative(s)" attending the settlement conference(s). (*Id.*)

Mr. Haller is an "Anti-Counterfeiting Officer in the Digital Technologies/Privacy/IP Enforcement Department" of Plaintiff's parent company's legal department, (ECF 51-2 ¶ 1), and was disclosed as such in Plaintiff's Settlement Conference Summary. Ms. Raveloson (whose name and existence were not disclosed to the Court until her appearance at the second settlement conference) did not file a declaration or affidavit in response to the Order to Show Cause, but is characterized as a "Brand Manager of Hamilton at Swatch Group U.S." in the Special Power of Attorney filed by Plaintiff in response to the Court's Order to Show Cause. (ECF 51-1, Ex. 1). When

4

Plaintiff sought to excuse Mr. Haller's attendance at the second settlement conference, (*see* ECF 45), it neither identified Ms. Raveloson as a proposed substitute client representative, nor did it amend or update its Settlement Conference Summary. Moreover, Plaintiff's request was made after the Court issued an order directing personal attendance of the parties' representatives at the settlement conference, and in the face of an objection by the Defendants. (*See* ECF 39, 46).

The Court expects parties to comply with its orders. Parties have a right to rely on their adversaries' compliance with the Court's orders. This Court's denial of Plaintiff's request to have Mr. Haller attend by phone, in the absence of further communication or requests for clarification from Plaintiff, should have resulted in Mr. Haller's attendance at the July 19 conference. Instead, Plaintiff determined on its own—without disclosure to the Court or Defendants, and in the face of an order to the contrary—that Mr. Haller would be excused from attendance and that Ms. Raveloson was an appropriate substitute. [2]

### C. Fees and Costs

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court, "[o]n motion or on its own," to issue "any just orders" if a party or its attorney "fails to appear at a scheduling or other pretrial conference; is substantially unprepared to participate—or does not participate in good faith—in the conference; or fails to obey a scheduling or other pretrial order." *See Martinez v. New York City Health and Hosps. Corp.*, 15-CV-515 (ALC) (GWG), 2017 WL 6729296, at *3

---

[2] Further, as evidenced by email communications provided by Plaintiff in response to the Order to Show Cause, Defendants, through Mr. Custer, had attempted to confer directly with Ms. Raveloson and other of Plaintiff's representatives to discuss settlement, but had been directed to speak only with Plaintiff's counsel. While Ms. Raveloson has a right to refer such discussions to corporate counsel, her apparent unwillingness or inability to discuss settlement with Mr. Custer calls into question the scope of her authority to discuss any aspects of settlement of this case. Indeed, Hamilton has not pointed to any compromises proposed during the July 19 settlement conference that Ms. Raveloson proposed, agreed to or rejected without needing further board input.

(S.D.N.Y. Dec. 28, 2017) (quoting Fed. R. Civ. P. 16(f)(1)). Rule 16(f)(2) "requires the imposition of costs and fees upon 'the party, its attorney, or both.'" *Grenion v. Farmers Ins. Exchs.*, 12-CV-3219 (JS) (GRB), 2014 WL 1284635, at *7 (E.D.N.Y. Mar. 14, 2014) (quoting Fed. R. Civ. P. 16(f)(2)). "[A]n award under Rule 16(f)(2) may be made only for reasonable expenses incurred because of noncompliance with this rule." *Id.*

"The decision to impose sanctions 'is committed to the sound discretion of the district court and may not be reversed absent an abuse of discretion.'" *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 37 (S.D.N.Y. 2014) (quoting *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir.1990)). In cases such as this one, where the Court declines to find bad faith, the Court may make a partial award of fees and/or costs. *See Grenion*, 2014 WL 1284635, at *7 (citing *Mahoney*, 290 F.R.D. at 372).

Plaintiff's conduct was not substantially justified, and an award compensating Mr. Custer for his costs of attendance at the second settlement conference is a sufficient sanction to deter similar conduct.[3] Plaintiff has indicated that Mr. Custer was present on the East Coast for another matter just before the second settlement conference, and Mr. Custer's submission of travel expenses supports that inference. Therefore, the Court finds that Mr. Custer's travel expenses for the second settlement conference are limited to his round-trip Amtrak fare ($94 + $58) and one night's hotel in New York City ($219.93), for a total of $445.93.

---

[3] At a minimum, if *the Court* had excused Mr. Haller's attendance at the second settlement conference, the Court would also have excused Mr. Custer's attendance.

Accordingly, Plaintiff is **ORDERED** to pay $445.93 to Defendants' counsel by November 2, 2018, and file proof of payment with the Court.

**SO ORDERED.**

Dated: New York, New York
October 25, 2018

                                                       *s/ Ona T. Wang*
                                                      **Ona T. Wang**
                                                      United States Magistrate Judge