Lawrence E. Abelman
Jeffrey A. Schwab
Peter J. Lynfield
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Julie B. Seyler
Marie Anne Mastrovito
Anthony A. Coppola
Ned W. Branthover
Anthony J. DiFilippi
Jennifer R. Waitman
Norman D. Hanson
Frank Terranella
Ralph J. Crispino
Douglas J. Gilbert

# ABELMAN, FRAYNE & SCHWAB
Attorneys at Law
666 Third Avenue
New York, New York 10017-5621

Telephone: (212) 949-9022
Facsimile: (212) 949-9190
e-mail@lawabel.com

Of Counsel:
Victor M. Tannenbaum
Thomas E. Spath
Melvin L. Ortner
J. David Dainow
David Toren (Ret.)

Lori B. Cohen
Steven M. Hertzberg
Charles S. Stein
Erica R. Halstead
Aimee M. Allen
Vindra Richter

Alexander Zinchuk*
Kristin J. Breen*
*(Registered Patent Agent)

October 15, 2019

JAN 1 3 2020

*Filed By ECF, and*
*Email to NathanNYSDChambers@nysd.uscourts.gov*

Honorable. Alison J. Nathan,
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Hamilton Int'l. Ltd. v. Vortic LLC, et al.*; 17 CV 5575 (AJN)(OTW).

Judge Nathan:

We represent the plaintiff Hamilton International Ltd. ("Hamilton"), and submit this letter motion pursuant to the Court's Opinion and Order dated September 30, 2019 (Dkt. 115), seeking to redact portions of deposition testimony and documents submitted in connection with Hamilton's motion for a summary judgment (Dkt. 77).[1] The material Hamilton seeks to redact has been designated by its counsel as "Confidential-Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. 37).[2]

Hamilton seeks to have its confidential business information redacted from the public record. If this information is publicly divulged, including to competitors, it may have a negative impact on Hamilton's business operations. In such circumstances, confidential information may be protected from disclosure despite both the common law and First Amendment presumptions of public access to judicial documents. *See Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978) (courts may refuse to permit files to be used "as [a] source[] of business information that might harm a litigant's competitive standing"); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 616-17 (2d Cir. 2009) (First Amendment presumption

---

[1] The Court ordered that, "... Plaintiff shall support its application for redactions ... with authority and articulated reasoning that is specific to the content that it seeks to keep under seal." Dkt. 115 at p. 17.

[2] In compliance with Rule 4(B) of Your Honor's Individual Practices in Civil Cases, on February 15, 2019 (Dkt. 76), the undersigned filed a letter via the Courts ECF system, and emailed the same to the Court with a copy of the relevant documents in highlighted form, and with a loose leaf set of those pages on which plaintiff seeks redaction. A courtesy hard-copy of all papers associated with this redaction request was also mailed to Chambers.

ABELMAN, FRAYNE & SCHWAB

Hon. Alison J. Nathan
October 15, 2019
Page 2

was overcome where the court found that disclosure would subject party to harm and cause competitive disadvantage); *Encyclopedia Brown Prods., Ltd. v. Home Box Office Inc.*, 26 F.Supp.2d 606, 608-09, 614 (S.D.N.Y. 1998) (common law presumption overcome where information "would give [defendant's] competitors a bargaining advantage in negotiating with [its supplier]"); *In re Parmalat Securities Litigation*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). The Court must balance the importance of public access against competing considerations. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

In light of the Court's September 30th Order, Hamilton has lessened its redaction request. The information Hamilton seeks to protect is limited and narrowly tailored. *See, Prescient Acquisition Grp, Inc. v. MJ Publ'g Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007) (a party seeking to seal documents must "identify with particularity (i.e. page and line) the precise information ... which the party maintains should be kept under seal" and "demonstrate[e] the particular need for sealing the information."). Hamilton is now seeking to redact only a small amount of information pertaining to its business operations which if disclosed to the public would put it at a competitive disadvantage. *See,* Declaration of Antoine Haller attached hereto as Exhibit 1.

Set forth below is a chart identifying the few documents plaintiff seeks to redact and the basis for the redaction.

| Information Sought To Be Redacted | Grounds for Redaction Request |
|---|---|
| Page 13, lines 20 – 22, Page 16, lines 17 – 19 of Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (Dkt. 83) | Redacted information pertains to Hamilton's product pricing, 2017 sales volume, and projected sales volume for 2018, which if divulged to the public could cause harm to Hamilton's business. |
| Page 3, paragraphs 12 -14 of Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment and Entry of a Permanent Injunction (Dkt. 81) | Redacted information pertains to Hamilton's product pricing; 2017 sales volume; and projected sales volume for 2018, which if divulged to the public could cause harm to Hamilton's business. |
| Excerpts of the Deposition Transcript of Mamy Murielle Raveloson attached as Exhibit 4 to the Declaration of Michael Aschen in Support of Plaintiff's Motion for Summary Judgment (Dkt. 84-4) | Redacted information pertaining to Hamilton's historical advertising budget in the United States; manufacturing sources; sales outlets; sales volume; and product pricing, which if divulged to the public could cause harm to Hamilton's business. |
| Exhibit 5 to the Deposition Transcript of Mamy Murielle Raveloson attached as Exhibit 4 to the Declaration of Michael Aschen in Support of Plaintiff's Motion for Summary Judgment (Dkt. 84-4) | Invoices from The Swatch Group U.S. Inc., Hamilton Division. Redacted information pertains to Hamilton's pocket watch sales volume and product pricing which if divulged to the public could cause harm to Hamilton's business.. Additional redacted information pertains to products which are not relevant to any claims or defenses in this case. |

ABELMAN, FRAYNE & SCHWAB

Hon. Alison J. Nathan
October 15, 2019
Page 3

    For the foregoing reasons it is respectfully requested that the Court grant this application for redaction of the few items identified above and maintain the un-redacted copies of the documents under seal.

Respectfully submitted,

Michael Aschen

MA:pz
Att.
cc:    Hamilton Int'l. Ltd.
       Anthony J. DiFilippi, Esq.
       Counsel for Defendants (by ECF and email)

---

Having reviewed these redaction and sealing requests, the Court GRANTS Plaintiff's motion. The Court finds that the requests are narrowly tailored to protect competitive business information. Applying the Second Circuit standard set out in *Lugosch*, the protection against the risk of competitive disadvantage in this case is of a higher value than the value to the public such that closure is necessary. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).
SO ORDERED.

---

SO ORDERED.   1/13/20

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE